# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| JONATHAN SILVERSKY and ERNEST WILCOCK,<br><br>Plaintiffs,<br><br>vs.<br><br>MIKE FERRITER, et al.,<br><br>Defendants. | Cause No. CV-11-00017-GF-SEH-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Plaintiffs Jonathan Silversky and Ernest Wilcock are prisoners proceeding in this case without counsel. Both have raised complaints regarding being discharged from their jobs at the chapel at Montana State Prison.

By prior Order, Silversky was required to file an amended complaint. Mr. Wilcock was required to either pay the filing fee or file a motion to proceed in forma pauperis, and to also file an amended complaint. C.D. 5. On May 26, 2011, the plaintiffs requested an extension until August 12, 2011 to comply with the Court's Order. C.D. 7. The motion was granted but neither plaintiff has filed anything with the Court since the May 26, 2011 Order. This matter will be recommended for dismissal.

### A. WILCOCK'S FAILURE TO PAY THE FILING FEE

On May 2, 2011, an Order was issued advising Mr. Wilcock that in order to institute a civil action in federal court he must either pay a filing fee of $350.00 as required by 28 U.S.C. § 1914(a) or file a motion to proceed in forma pauperis under 28 U.S.C. § 1915. Mr. Wilcock was given until August 12, 2011 to pay the statutory filing fee of $350.00 or submit a motion to proceed in forma pauperis. He was also given the opportunity to file an amended complaint. He did not comply. Accordingly, Mr. Wilcock's claims should be dismissed.

### B. FAILURE TO STATE A CLAIM

In its prior Order, the Court found that Mr. Silversky had failed to state a claim upon which relief could be granted as to all of his claims. He was given the opportunity to amend his equal protection claims, his retaliation claims, his religious claims, and his disciplinary claims. He did not do so. Accordingly, for the reasons set forth in the Court's prior Order C.D. 5, Mr. Silversky's claims fail to state a claim upon which relief may be granted and should be dismissed.

### C. CERTIFICATION REGARDING APPEAL

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on

> appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." <u>Gardner v. Pogue</u>, 558 F.2d 548, 551 (9th Cir. 1977) (<u>quoting Coppedge</u>, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. <u>Neitzke</u>, 490 U.S. at 325, 327; <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1225 (9th Cir. 1984).

The finding that Mr. Wilcock cannot proceed without paying the filing fee or submitting a motion to proceed in forma pauperis and the finding that Mr. Silversky's Complaint fails to state a claim upon which relief may be granted are so clear no reasonable person could suppose an appeal would have merit. Therefore, this Court will certify that any appeal of this matter would not be taken in good

faith.

It is **RECOMMENDED:**

1. The Complaint C.D. 2 should be dismissed with prejudice. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO
FINDINGS & RECOMMENDATIONS AND
CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiffs may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 30th day of August, 2011.

<u>/s/ Keith Strong</u>
Keith Strong
United States Magistrate Judge